IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

J. KAZ, INC., t/d/b/a )
CRAFTMATIC, and )
CRAFTMATIC of PITTSBURGH, )
  )
  Plaintiffs, )
  ) Civil Action No. 10-0382
  v. )
  )
KIMBERLY BROWN, )
  )
  Defendant. )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                       May 19, 2010

This is an action alleging abuse of process. Plaintiffs,
J. Kaz, Inc., t/d/b/a Craftmatic and Craftmatic of Pittsburgh
("Craftmatic") allege that defendant, Kimberly Brown filed a
baseless lawsuit against them in this court, Brown v. J. Kaz Inc.,
et al., Civil Action No. 07-859 ("Brown Action"). Craftmatic filed
this action in the Court of Common Pleas of Allegheny County,
Pennsylvania.

Brown removed the instant action to this court. In her
notice of removal, Brown asserted both that this court had federal
question jurisdiction, 28 U.S.C. § 1331, and diversity
jurisdiction, 28 U.S.C. § 1332, over Craftmatic's abuse of process
claim. Craftmatic has since conceded that the amount in
controversy is far less than $75,000, making diversity jurisdiction
unavailable. As such, we consider only whether this court has
federal question jurisdiction over Craftmatic's abuse of process
claim.

This matter is before the court on Craftmatic's motion to remand [Doc. No. 6]. For the reasons set forth below, the motion will be granted.

I.   FACTUAL and PROCEDURAL BACKGROUND

The parties are familiar with the extensive factual and procedural background of the Brown Action and it will not be restated here. The following facts are both undisputed and relevant to analyzing Craftmatic's motion to remand.

Brown filed the Brown Action in this court on June 21, 2007. Brown alleged that Craftmatic terminated her because of her race in violation of Title VII, 42 U.S.C. § 2000e, et seq., ("Title VII"), Section 1981, 42 U.S.C. § 1981 ("Section 1981") and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. § 951 ("PHRA"). This court granted Craftmatic's motion for summary judgment on the federal claims on the basis that Brown was an independent contractor and, therefore, not an employee protected by Title VII and/or Section 1981. This court declined to exercise supplemental jurisdiction over the remaining PHRA claim. See Civil Action No. 07-859, at Doc. No. 31.

Brown appealed to the Court of Appeals for the Third Circuit. The court of appeals affirmed in part, reversed in part, and remanded the case to this court for further proceedings. Brown v. J. Kaz, Inc., et al., 581 F.3d 175 (3d Cir. 2009).

Specifically, the court of appeals affirmed this court's finding that Brown was an independent contractor and, therefore, not an employee protected by Title VII. Id. at 181. However, the court of appeals reversed this court's finding regarding Section 1981 and held, as a matter of first impression, that independent contractors may bring claims of race discrimination pursuant to Section 1981. Id. The court of appeals further held that there were genuine issues of material fact that precluded entry of summary judgment on Brown's Section 1981 claims. Id. at 185.

The Brown Action was reopened in this court on October 5, 2009. Thereafter, we issued a final scheduling order, which provided a trial date. In the interim, on February 23, 2010, Craftmatic filed its abuse of process claim in state court. Craftmatic opposes removal of that claim on the ground that this court does not have federal question jurisdiction over an abuse of process claim that solely presents a question of state law.

## II.  STANDARD OF REVIEW

In order for removal to be proper, we must have original jurisdiction to hear the case. 28 U.S.C. § 1441(a). When parties dispute whether subject matter jurisdiction exists on removal, defendant bears the burden to show that removal is proper. Samuel Basset v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d

Cir. 1995). The court of appeals has noted that "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (citations omitted); see also Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

Brown seeks to remove the abuse of process claim to this court on the basis of federal question jurisdiction. Section 1331, federal question jurisdiction, applies in "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The well-pleaded complaint rule requires that Craftmatic's complaint must provide the basis for federal jurisdiction by raising issues of federal law. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). For both removal and original jurisdiction, the federal question must appear on the face of the complaint unaided by the answer, counterclaim, or petition for removal. Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936). If it does not appear there, "no statement in the petition for removal . . . can supply that want." Tennessee v. Union & Planters' Bank, 152 U.S. 454, 464 (1894).

III. <u>DISCUSSION</u>

Brown contends that this court has subject matter jurisdiction because Craftmatic's abuse of process claim, an admittedly state law claim, "necessarily depends on resolution of a substantial question of federal law." [Doc. No. 8, at p. 3 (quoting <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 27-28 (1983)]. In short, Brown claims that Craftmatic's cause of action will require an analysis of whether the Brown Action, which asserted federal claims pursuant to Title VII and Section 1981, was brought for an improper purpose. Brown claims that this is sufficient to establish subject matter jurisdiction.

This court disagrees. As we have stated above, in order to support subject matter jurisdiction in this court, the federal question must appear on the face of the complaint. Brown herself does not contend that Craftmatic's complaint raises a federal question. Instead, Brown relies on <u>Grable & Sons Metal Prods., Inc. v. Darue Eng. & Mfg.</u>, 545 U.S. 308 (2005) to support her assertion that this court has jurisdiction. In <u>Grable & Sons</u>, the Supreme Court held that federal question subject matter jurisdiction exists where a claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities." <u>Id</u>. at 314.

A year later, the Supreme Court held that federal question subject matter jurisdiction on this basis attaches to only a "slim category" of state law claims. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 701 (2006). Simply put, the federal interest must justify transforming a state law claim "into a discrete and costly 'federal case.'" Id.

Here, while the outcome of the Brown Action is certainly relevant to Craftmatic's abuse of process claim, it cannot be said without doubt that this is the type of state law claim, in the absence of any other basis for subject matter jurisdiction, that should be heard in federal court. Craftmatic's state court complaint sounds purely in Pennsylvania abuse of process language and theory. It neither expressly advances nor impliedly suggests a federal cause of action. Accordingly, in light of this court's duty to strictly construe the removal statute, we find that there is no basis for federal jurisdiction. As such, this case will be remanded to state court.

An appropriate order follows.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

J. KAZ, INC., t/d/b/a )
CRAFTMATIC, and )
CRAFTMATIC of PITTSBURGH, )
)
Plaintiffs, )
) Civil Action No. 10-0382
v. )
)
KIMBERLY BROWN, )
)
Defendant. )

ORDER

AND NOW, this 19th day of May, 2010, upon consideration of plaintiff's Motion to Remand [Doc. No. 6], IT IS HEREBY ORDERED THAT the motion is GRANTED.

The Clerk of Courts is directed to remand this case to the Court of Common Pleas of Allegheny County, Pennsylvania, forthwith.

BY THE COURT,

_____, C.J.

cc: All counsel of record